# EXHIBIT A

11- 3-04; 9:36AM;BOEING    OMPANY                                    :13125442092          # 3/ 26

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
```

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.W. CHESTERTON COMPANY;

[SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HAROLD BURTON AND GERALDINE BURTON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER (Número del Caso): |
|---|---|
| *(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA  94102 | 04 - 435672 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JEFFREY A. KAISER [SBN:160594]
LEVIN SIMES & KAISER LLP
San Francisco, CA  94104

DATE:                                                                    Clerk, by                                              Deputy
*(Fecha)*    **OCT 2 1 2004**    **GORDON PARK-LI**    *(Secretario)* **(DE LA VEGA-NAVARRO, Rossaly** *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MCDONNELL DOUGLAS CORPORATION, AS SUCCESSOR-IN-INTEREST TO DOUGLAS AIRCRAFT COMPANY, INC.;

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. January 1, 2004]

**SUMMONS**



Legal
Solutions
& Plus

EXH. /    , PG. 16

.65

1    Attachment to Summons

2

3    HAROLD BURTON AND GERALDINE BURTON,        )    No.

     PLAINTIFFS,                                 )    CGC  0 4 - 4 3 5 6 7 2
4                                                )
                                                 )
     VS.                                         )
5                                                )
     A. W. CHESTERTON COMPANY; ALLIS-CHALMERS    )
6    CORPORATION PRODUCT LIABILITY TRUST;        )
     AMERICAN ASBESTOS COMPANY; ARMSTRONG        )
7    INTERNATIONAL, INC.; ATLAS-STORD, INC. FKA  )
     STORD, INC.; BUFFALO PUMPS, INC.; CERTAIN-  )
8    TEED CORPORATION; COOPER INDUSTRIES, INC    )
     AS SUCCESSOR IN INTEREST TO CROUSE HINDS    )
9    COMPANY; CRANE CO.; CROWN, CORK & SEAL,     )
     AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;    )
10   CURTISS-WRIGHT FLIGHT SYSTEMS, INC.;        )
     DOUGLASS INSULATION CO., INC.; DURABLA      )
11   MANUFACTURING COMPANY; EATON                )
     CORPORATION AS SUCCESSOR-IN-INTEREST TO     )
12   CUTLER-HAMMER; ELLIOTT TURBOMACHINERY       )
     CO., INC.; ERICSSON, INC., WHICH WILL DO    )
13   BUSINESS IN CALIFORNIA AS EUS INC., AS      )
     SUCCESSOR-IN-INTEREST TO ANACONDA WIRE      )
14   AND CABLE COMPANY; FOSTER WHEELER LLC,      )
     SURVIVOR TO A MERGER WITH FOSTER            )
15   WHEELER CORPORATION; GARLOCK SEALING        )
     TECHNOLOGIES LLC, INDIVIDUALLY AND AS       )
16   SUCCESSOR-IN-INTEREST TO GARLOCK, INC.;     )
     GENERAL ELECTRIC COMPANY; GENERAL           )
17   MOTORS CORPORATION; GEORGIA-PACIFIC         )
     CORPORATION; GOULDS PUMPS (IPG), INC.;      )
18   GOULDS PUMPS, INCORPORATED; GENERAL         )
     REFRACTORIES COMPANY; GRINNELL              )
19   CORPORATION; HAMWORTHY PEABODY              )
     COMBUSTION, INC. FKA PEABODY ENGINEERING    )
20   CORPORATION; HONEYWELL INTERNATIONAL,       )
     INC. FKA ALLIED SIGNAL INC., SUCCESSOR-IN-  )
21   INTEREST TO THE BENDIX CORPORATION;         )
     HONEYWELL INTERNATIONAL, INC.,              )
22   INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST   )
     TO THE GARRETT TURBINE ENGINE CO., BENDIX   )
23   CORPORATION, THE GARRETT CORPORATION,       )
     AERO HYDRAULICS, INC., CAPITOL AVIATION CO.,)
24   INC., GARRETT AEROSPACE MANUFACTURING       )
     CORPORATION AND AIRESEARCH DOMESTIC         )
25   INTERNATIONAL SALES CORPORATION;            )

26

27

28

I:\6104.BURTON\COMPLAINT\ATTACHMENT.SUMMONS.DOC    -1-    EXH. 1, PG. 17    ERSONAL INJURY

1  HOUDAILLE INDUSTRIES, INC. AS SUCCESSOR BY
   MERGER TO WARREN PUMPS, INC.; IMO
2  INDUSTRIES, INC. FKA IMO DELAVAL INC.;
   INGERSOLL-RAND COMPANY; ITT INDUSTRIES,
3  INC. INDIVIDUALLY AND AS SUCCESSOR IN
   INTEREST TO GOULDS PUMPS, INC., BELL &
4  GOSSETT, INC. AND ALLIS CHALMERS, INC.;
   JOHNSTON PUMP/GENERAL VALVE, INC.; KAISER
5  GYPSUM COMPANY; MCDONNELL DOUGLAS
6  CORPORATION, AS SUCCESSOR-IN-INTEREST TO
   DOUGLAS AIRCRAFT COMPANY, INC.; MET-PRO
7  CORPORATION AS SUCCESSOR-IN- INTEREST TO
   DEAN PUMP DIVISION; OWENS-ILLINOIS INC.;
8  PACO PUMPS, INC.; PARKER HANNIFIN
9  CORPORATION AND STANDARD MOTOR
   PRODUCTS, AS SUCCESSOR-IN-INTEREST TO EIS
10 BRAKE PARTS; PLANT INSULATION COMPANY;
   CPC/PUMPS INTERNATIONAL AS SUCCESSOR IN
11 INTEREST TO AND OTHERWISE DOING BUSINESS
   AS UNITED PUMPS OF CANADA, LTD.; PUMP
12 DYNAMICS, INC. DOING BUSINESS AS CPC/PUMPS
13 INTERNATIONAL AS SUCCESSOR IN INTEREST TO
   UNITED PUMPS OF CANADA, LTD.; QUINTEC
14 INDUSTRIES, INC.; RED-WHITE VALVE CORP.;
15 SIMPLEX WIRE & CABLE CO.; SQUARE D
   COMPANY; STERLING BOILER AND MECHANICAL
16 INC.; THE BOEING COMPANY; THE GOODYEAR
   TIRE & RUBBER COMPANY; THOMAS DEE
17 ENGINEERING COMPANY, INC.; THORPE
18 INSULATION COMPANY; UNIROYAL, INC.;
   UNITED TECHNOLOGIES CORPORATION
19 FORMERLY KNOWN AS PRATT & WHITNEY INC.;
   VIACOM, INCORPORATED AS SUCCESSOR-BY-
20 MERGER TO CBS CORPORATION FKA
   WESTINGHOUSE ELECTRIC CORPORATION;
21 VIKING PUMP, INC. AND FIRST DOE THROUGH
22 THREE HUNDREDTH DOE, INCLUSIVE,

23 AND

24 MCDONNELL DOUGLAS CORPORATION, AS
25 SUCCESSOR-IN-INTEREST TO DOUGLAS
   AIRCRAFT COMPANY, INC. AND THREE HUNDRED
26 FIRST DOE THROUGH FOUR HUNDREDTH DOE,
   INCLUSIVE,
27
          DEFENDANTS.
28

CGC 04-435672



**CORPORATION SERVICE COMPANY®**

COPY

# Notice of Service of Process

SCL / ALL
Transmittal Number: 3722355
Date Processed: 10/26/2004

| | |
|---|---|
| **Primary Contact:** | Mark W Reardon |
| | The Boeing Company M/C 5003-1001 |
| | 100 N Riverside Plaza |
| | Chicago, IL 60606-1596 |

| | |
|---|---|
| **Copy of transmittal only sent to:** | Anita McIntosh |
| | Catherine Stover |
| | Cynthia Pearson |

| | |
|---|---|
| **Entity:** | McDonnell Douglas Corporation |
| | Entity ID Number 1896179 |
| **Entity Served:** | McDonnell Douglas Corporation, as Successor-In-Interest to Douglas Aircraft Company, Inc. |
| **Title of Action:** | Harold Burton vs. A.W. Chesterton Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Asbestos |
| **Court:** | San Francisco County Superior Court , California |
| **Case Number:** | CGC 04-435672 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/26/2004 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney :** | Jeffrey A. Kaiser |
| | 415-646-7160 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXH. 1, PG. 19

WILLIAM A. LEVIN, ESQ. [SBN 98592]
JEFFREY A. KAISER, ESQ. [SBN 160594]
RETT D.B. BERGMARK, ESQ. [SBN 169401]
**LEVIN SIMES & KAISER LLP**
ONE BUSH STREET, 14TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 646-7160
FACSIMILE (415) 981-1270

ATTORNEYS FOR PLAINTIFFS

HAROLD BURTON AND GERALDINE BURTON

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

OCT 2 1 2004

**GORDON PARK-LI, Clerk**
BY: _____
Deputy Clerk
DE LA VEGA-NAVARRO, Rossaly

CASE MANAGEMENT CONFERENCE SET

PLAN II  OCT 1 9 2005  1 30 PM

DEPARTMENT 206

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
(UNLIMITED JURISDICTION)

CGC 04-435672

HAROLD BURTON AND GERALDINE BURTON,          )   NO.
                                             )
                    PLAINTIFFS,              )
                                             )   **COMPLAINT FOR**
                    VS.                      )   **DAMAGES**
                                             )
A. W. CHESTERTON COMPANY; ALLIS-CHALMERS     )   NEGLIGENCE,
CORPORATION PRODUCT LIABILITY TRUST;         )   STRICT LIABILITY,
AMERICAN ASBESTOS COMPANY; ARMSTRONG         )   LOSS OF CONSORTIUM,
INTERNATIONAL, INC.; ATLAS-STORD, INC. FKA   )   PUNITIVE DAMAGES,
STORD, INC.; BUFFALO PUMPS, INC.; CERTAIN-   )
TEED CORPORATION; COOPER INDUSTRIES, INC     )   (ASBESTOS)
AS SUCCESSOR IN INTEREST TO CROUSE HINDS      )
COMPANY; CRANE CO.; CROWN, CORK & SEAL,       )
AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;     )
CURTISS-WRIGHT FLIGHT SYSTEMS, INC.;         )
DOUGLASS INSULATION CO., INC.; DURABLA       )
MANUFACTURING COMPANY; EATON                 )
CORPORATION AS SUCCESSOR-IN-INTEREST TO      )
CUTLER-HAMMER; ELLIOTT TURBOMACHINERY        )
CO., INC.; ERICSSON, INC., WHICH WILL DO     )
BUSINESS IN CALIFORNIA AS EUS INC., AS       )
SUCCESSOR-IN-INTEREST TO ANACONDA WIRE       )
AND CABLE COMPANY; FOSTER WHEELER LLC,       )
SURVIVOR TO A MERGER WITH FOSTER             )
WHEELER CORPORATION; GARLOCK SEALING         )
TECHNOLOGIES LLC, INDIVIDUALLY AND AS        )
SUCCESSOR-IN-INTEREST TO GARLOCK, INC.;      )
GENERAL ELECTRIC COMPANY; GENERAL            )
MOTORS CORPORATION; GEORGIA-PACIFIC          )

EXH. A, PG. 20

CORPORATION; GOULDS PUMPS (IPG), INC.; )
GOULDS PUMPS, INCORPORATED; GENERAL )
REFRACTORIES COMPANY; GRINNELL )
CORPORATION; HAMWORTHY PEABODY )
COMBUSTION, INC. FKA PEABODY ENGINEERING )
CORPORATION; HONEYWELL INTERNATIONAL, )
INC. FKA ALLIED SIGNAL INC., SUCCESSOR-IN- )
INTEREST TO THE BENDIX CORPORATION; )
HONEYWELL INTERNATIONAL, INC., )
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST )
TO THE GARRETT TURBINE ENGINE CO., BENDIX )
CORPORATION, THE GARRETT CORPORATION, )
AERO HYDRAULICS, INC., CAPITOL AVIATION CO., )
INC., GARRETT AEROSPACE MANUFACTURING )
CORPORATION AND AIRESEARCH DOMESTIC )
INTERNATIONAL SALES CORPORATION; )
HOUDAILLE INDUSTRIES, INC. AS SUCCESSOR BY )
MERGER TO WARREN PUMPS, INC.; IMO )
INDUSTRIES, INC. FKA IMO DELAVAL INC.; )
INGERSOLL-RAND COMPANY; ITT INDUSTRIES, )
INC. INDIVIDUALLY AND AS SUCCESSOR IN )
INTEREST TO GOULDS PUMPS, INC., BELL & )
GOSSETT, INC. AND ALLIS CHALMERS, INC.; )
JOHNSTON PUMP/GENERAL VALVE, INC; KAISER )
GYPSUM COMPANY; MCDONNELL DOUGLAS )
CORPORATION, AS SUCCESSOR-IN-INTEREST TO )
DOUGLAS AIRCRAFT COMPANY, INC.; MET-PRO )
CORPORATION AS SUCCESSOR-IN- INTEREST TO )
DEAN PUMP DIVISION; OWENS-ILLINOIS INC.; )
PACO PUMPS, INC.; PARKER HANNIFIN )
CORPORATION AND STANDARD MOTOR )
PRODUCTS, AS SUCCESSOR-IN-INTEREST TO EIS )
BRAKE PARTS; PLANT INSULATION COMPANY; )
CPC/PUMPS INTERNATIONAL AS SUCCESSOR IN )
INTEREST TO AND OTHERWISE DOING BUSINESS )
AS UNITED PUMPS OF CANADA, LTD.; PUMP )
DYNAMICS, INC. DOING BUSINESS AS CPC/PUMPS )
INTERNATIONAL AS SUCCESSOR IN INTEREST TO )
UNITED PUMPS OF CANADA, LTD.; QUINTEC )
INDUSTRIES, INC.; RED-WHITE VALVE CORP.; )
SIMPLEX WIRE & CABLE CO.; SQUARE D )
COMPANY; STERLING BOILER AND MECHANICAL )
INC.; THE BOEING COMPANY; THE GOODYEAR )
TIRE & RUBBER COMPANY; THOMAS DEE )
ENGINEERING COMPANY, INC.; THORPE )
INSULATION COMPANY; UNIROYAL, INC.; )
UNITED TECHNOLOGIES CORPORATION )

EXH. A, PG. 21

FORMERLY KNOWN AS PRATT & WHITNEY INC.; )
VIACOM, INCORPORATED AS SUCCESSOR-BY- )
MERGER TO CBS CORPORATION FKA )
WESTINGHOUSE ELECTRIC CORPORATION; )
VIKING PUMP, INC. AND FIRST DOE THROUGH )
THREE HUNDREDTH DOE, INCLUSIVE, )
)
AND )
)
MCDONNELL DOUGLAS CORPORATION, AS )
SUCCESSOR-IN-INTEREST TO DOUGLAS )
AIRCRAFT COMPANY, INC. AND THREE HUNDRED )
FIRST DOE THROUGH FOUR HUNDREDTH DOE, )
INCLUSIVE, )
)
            DEFENDANTS. )
_____ )

## FIRST CAUSE OF ACTION-NEGLIGENCE

### (Personal Injuries)

PLAINTIFFS HAROLD BURTON AND GERALDINE BURTON COMPLAIN OF

DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR

NEGLIGENCE (PERSONAL INJURIES) ALLEGES:

1.     The true names and capacities, whether individual, corporate, associate,

. . .  . . . . . . . . . . . . . . . . . . . . . . . . . T DOE through THREE HUNDREDTH DOE,

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ts by such

fictitious names. When the true names and capacities of said defendants have been ascertained,

plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes and thereon

alleges that each defendant designated herein as a DOE is responsible, negligently or in some other

actionable manner, for the events and happenings hereinafter referred to, and caused injuries and

damages proximately thereby to the plaintiff, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants was the agent, servant,

employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

EXH __, PG. 22

defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

3.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants, A. W. CHESTERTON COMPANY;  ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST;  AMERICAN ASBESTOS COMPANY; ARMSTRONG INTERNATIONAL, INC.;  ATLAS-STORD, INC. FKA STORD, INC.; BUFFALO PUMPS, INC.;  CERTAIN-TEED CORPORATION;  COOPER INDUSTRIES, INC AS SUCCESSOR IN INTEREST TO CROUSE HINDS COMPANY;  CRANE CO.; CROWN, CORK & SEAL, AS SUCCESSOR-IN-INTEREST TO MUNDET CORK; CURTISS-WRIGHT FLIGHT SYSTEMS, INC.;  DOUGLASS INSULATION CO., INC.; DURABLA MANUFACTURING COMPANY;  EATON CORPORATION AS SUCCESSOR-IN-INTEREST TO CUTLER-HAMMER;  ELLIOTT TURBOMACHINERY CO., INC.;  ERICSSON, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS EUS INC., AS SUCCESSOR-IN-INTEREST TO ANACONDA WIRE AND CABLE COMPANY;  FOSTER WHEELER LLC, SURVIVOR TO A MERGER WITH FOSTER WHEELER CORPORATION;  GARLOCK SEALING TECHNOLOGIES LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO GARLOCK, INC.; GENERAL ELECTRIC COMPANY;  GENERAL MOTORS CORPORATION; GEORGIA-PACIFIC CORPORATION;  GOULDS PUMPS (IPG), INC.;  GOULDS PUMPS, INCORPORATED;  GENERAL REFRACTORIES COMPANY;  GRINNELL CORPORATION;  HAMWORTHY PEABODY COMBUSTION, INC. FKA PEABODY ENGINEERING CORPORATION;  HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL INC., SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;  HONEYWELL INTERNATIONAL, INC., INDIVIDUALLY AND AS

EXH. ___, PG. 23

SUCCESSOR-IN-INTEREST TO THE GARRETT TURBINE ENGINE CO., BENDIX
CORPORATION, THE GARRETT CORPORATION, AERO HYDRAULICS, INC.,
CAPITOL AVIATION CO., INC., GARRETT AEROSPACE MANUFACTURING
CORPORATION AND AIRESEARCH DOMESTIC INTERNATIONAL SALES
CORPORATION;  HOUDAILLE INDUSTRIES, INC. AS SUCCESSOR BY MERGER TO
WARREN PUMPS, INC.;  IMO INDUSTRIES, INC. FKA IMO DELAVAL INC.;
INGERSOLL-RAND COMPANY;  ITT INDUSTRIES, INC. INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO GOULDS PUMPS, INC., BELL & GOSSETT, INC. AND
ALLIS CHALMERS, INC.;  JOHNSTON PUMP/GENERAL VALVE, INC.;  KAISER
GYPSUM COMPANY;  MCDONNELL DOUGLAS CORPORATION, AS SUCCESSOR-
IN-INTEREST TO DOUGLAS AIRCRAFT COMPANY, INC.;  MET-PRO
CORPORATION AS SUCCESSOR-IN- INTEREST TO DEAN PUMP DIVISION;
OWENS-ILLINOIS INC.;  PACO PUMPS, INC.;  PARKER HANNIFIN CORPORATION
AND STANDARD MOTOR PRODUCTS, AS SUCCESSOR-IN-INTEREST TO EIS
BRAKE PARTS;  PLANT INSULATION COMPANY;  CPC/PUMPS INTERNATIONAL
AS SUCCESSOR IN INTEREST TO AND OTHERWISE DOING BUSINESS AS UNITED
PUMPS OF CANADA, LTD.;  PUMP DYNAMICS, INC. DOING BUSINESS AS
CPC/PUMPS INTERNATIONAL AS SUCCESSOR IN INTEREST TO UNITED PUMPS
OF CANADA, LTD.;  QUINTEC INDUSTRIES, INC.;  RED-WHITE VALVE CORP.;
SIMPLEX WIRE & CABLE CO.;  SQUARE D COMPANY;  STERLING BOILER AND
MECHANICAL INC.;  THE BOEING COMPANY;  THE GOODYEAR TIRE & RUBBER
COMPANY;  THOMAS DEE ENGINEERING COMPANY, INC.;  THORPE
INSULATION COMPANY;  UNIROYAL, INC.;  UNITED TECHNOLOGIES
CORPORATION FORMERLY KNOWN AS PRATT & WHITNEY INC.;  VIACOM,

EXH. A, PG. 24

INCORPORATED AS SUCCESSOR-BY-MERGER TO CBS CORPORATION FKA
WESTINGHOUSE ELECTRIC CORPORATION; VIKING PUMP, INC. and FIRST DOE
through THREE HUNDREDTH DOE, inclusive, are corporations organized and existing under
and by virtue of the laws of the State of California, or the laws of some state or foreign
jurisdiction, and that said defendants were and are authorized to do and are doing business in the
State of California, and that said defendants have regularly conducted business in the City and
County of San Francisco, State of California. The defendants identified in this paragraph are
hereinafter referred to as "MANUFACTURING/DISTRIBUTING DEFENDANTS."

4.    Plaintiff is informed and believes, and thereon alleges, that defendant COOPER
INDUSTRIES, INC IS THE SUCCESSOR IN INTEREST OR OTHERWISE LIABLE FOR
THE ACTS OR OMISSIONS OF CROUSE HINDS COMPANY; CROWN, CORK &
SEAL, IS THE SUCCESSOR IN INTEREST OR OTHERWISE LIABLE FOR THE ACTS
OR OMISSIONS OF MUNDET CORK; EATON CORPORATION IS THE SUCCESSOR
IN INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF
CUTLER-HAMMER; ELLIOTT TURBOMACHINERY CO., INC.; ERICSSON, INC.,
WHICH WILL DO BUSINESS IN CALIFORNIA AS EUS INC., IS THE SUCCESSOR IN
INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF
ANACONDA WIRE AND CABLE COMPANY; GARLOCK SEALING TECHNOLOGIES
LLC, INDIVIDUALLY AND IS THE SUCCESSOR IN INTEREST OR OTHERWISE
LIABLE FOR THE ACTS OR OMISSIONS OF GARLOCK, INC.; HONEYWELL
INTERNATIONAL, INC. FKA ALLIED SIGNAL INC., IS THE SUCCESSOR IN
INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF THE
BENDIX CORPORATION; HONEYWELL INTERNATIONAL, INC., IS THE
SUCCESSOR IN INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR

EXH. $\cancel{A}$, PG. 25

OMISSIONS OF THE GARRETT TURBINE ENGINE CO., BENDIX CORPORATION,
THE GARRETT CORPORATION, AERO HYDRAULICS, INC., CAPITOL AVIATION
CO., INC., GARRETT AEROSPACE MANUFACTURING CORPORATION AND
AIRESEARCH DOMESTIC INTERNATIONAL SALES CORPORATION; HOUDAILLE
INDUSTRIES, INC. IS THE SUCCESSOR IN INTEREST OR OTHERWISE LIABLE
FOR THE ACTS OR OMISSIONS OF WARREN PUMPS, INC.; ITT INDUSTRIES, INC.
IS THE SUCCESSOR IN INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR
OMISSIONS OF GOULDS PUMPS, INC., BELL & GOSSETT, INC. AND ALLIS
CHALMERS, INC.; MCDONNELL DOUGLAS CORPORATION, IS THE SUCCESSOR
IN INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF
DOUGLAS AIRCRAFT COMPANY, INC.; MET-PRO CORPORATION IS THE
SUCCESSOR IN INTEREST OR OTHERWISE LIABLE FOR THE ACTS OR
OMISSIONS OF DEAN PUMP DIVISION; PARKER HANNIFIN CORPORATION AND
STANDARD MOTOR PRODUCTS, IS THE SUCCESSOR IN INTEREST OR
OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF EIS BRAKE PARTS;
CPC/PUMPS INTERNATIONAL IS THE SUCCESSOR IN INTEREST OR OTHERWISE
LIABLE FOR THE ACTS OR OMISSIONS OF AND OTHERWISE DOING BUSINESS
AS UNITED PUMPS OF CANADA, LTD.; PUMP DYNAMICS, INC. DOING BUSINESS
AS CPC/PUMPS INTERNATIONAL IS THE SUCCESSOR IN INTEREST OR
OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF UNITED PUMPS OF
CANADA, LTD.PLANT INSULATION COMPANY IS THE SUCCESSOR IN INTEREST
OR OTHERWISE LIABLE FOR THE ACTS OR OMISSIONS OF PLANT ASBESTOS
COMPANY AND ASBESTOS COMPANY OF CALIFORNIA and that each of the remaining
defendants is liable for the acts and omissions of its predecessor entities.

EXH. A, PG. 26

5.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants **MCDONNELL DOUGLAS CORPORATION, AS SUCCESSOR-IN-INTEREST TO DOUGLAS AIRCRAFT COMPANY, INC. AND THREE HUNDRED FIRST DOE THROUGH FOUR HUNDREDTH DOE, INCLUSIVE,** are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the City and County of San Francisco, State of California. The defendants identified in this paragraph are hereinafter referred to as **"PREMISE DEFENDANTS"**.

6.     The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a California defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in San Francisco County, Superior Court of California, (Citing see Boyle v. United Technologies Corp (1988) 487 US 500).

7.     At all times herein mentioned, the **MANUFACTURING/ DISTRIBUTING DEFENDANTS"** and each of them were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers

EXH. $\underline{A}$, PG. 27

into the bodies of workers who were exposed to asbestos in the workplace and other locations.

8.   At all times herein mentioned, the **"MANUFACTURING/DISTRIBUTING DEFENDANTS"**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, assembled, modified, serviced, and sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto;

9.   At all times herein mentioned, the **"PREMISE DEFENDANTS,"** and each of them were the owners, lessors, operators, managers, general contractors, subcontractors or otherwise controlled and maintained the premises while and/or prior to the times plaintiff was present and caused certain asbestos-containing products including, but not limited to, asbestos-containing building materials and products to be fabricated, constructed, installed, maintained, used, replaced and/or repaired on such respective premise, by their own workers and/or by various contractors, so as to allow and cause at the time of fabricating, constructing, installing, maintaining, using, replacing and/or repairing said premise, the release of dangerous quantities of toxic asbestos fibers into the ambient air thereby creating a hazardous condition upon said premise.

10.   At said times the **"PREMISE DEFENDANTS"**, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the contractors and/or subcontractors hired and/or retained were not competent, that the premise that were in their control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions

EXH. ____, PG. 28

and that the persons working on or using said premise would not be aware of the aforesaid hazardous conditions on the premise to which they were exposed.

11.     At all times mentioned herein, the **"PREMISE DEFENDANTS"**, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premise, or to abate or correct, or to warn plaintiff of the existence of the aforesaid dangerous conditions and hazards on said premise.

12.     Further, at all times herein mentioned, the **"PREMISE DEFENDANTS"**, and each of them, singularly and jointly negligently and carelessly hired contractors or subcontractors, negligently created and/or approved building specifications, negligently and carelessly supervised or failed to supervise contractors and subcontractors, negligently and carelessly researched, tested or failed to test, warned or failed to warn, labeled or failed to label, failed to provide protection for, failed to provide a safe work place, failed to provide adequate safety devices and equipment, failed to provide adequate signs, used asbestos-containing products in construction and renovation and failed to provide sufficient protection to plaintiff from hazards of asbestos, the danger of which defendants were aware. These asbestos-containing products, including but not limited to, asbestos-containing building materials and products to be fabricated, constructed, installed, maintained, used, replaced and/or repaired on each of the aforesaid premise, by their own workers and/or various contractors, caused personal injuries to users, consumers, workers and others while being used and/or removed and/or handled in a manner reasonably foreseeable, thereby rendering these premise unsafe and dangerous to consumers, users, bystanders or workers exposed thereto.

13.     Plaintiff herein is a worker who for or during a substantial length of time used, handled or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that was reasonably foreseeable.

14.     As a direct and proximate result of the conduct of the defendants, and each of them,

EXH. $\underline{A}$, PG. 29

as aforesaid, the exposure to asbestos caused severe and permanent malignant injuries to the plaintiff, including, but not limited to, mesothelioma and other lung damage.

15.     Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a progressive lung disease caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos products over a period of time.

16.     Plaintiff presently believes that he suffers from a medical condition known as mesothelioma, a lung disease related to the exposure to asbestos. Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

17.     As a direct and proximate result of the aforesaid conduct of defendants, and each of them, plaintiff is dying and has suffered, and continues to suffer permanent non-malignant injuries to his person, body and health, including but not limited to mesothelioma, other lung damage, all to his general damages in a sum invoking the unlimited jurisdiction of the Court.

18.     As a direct and proximate result of the aforesaid conduct of the defendants, and each of them, plaintiff has incurred, is presently incurring and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

19.     Plaintiff HAROLD BURTON has lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which plaintiff prays leave to insert herein when finally ascertained.

20.     In researching, testing, manufacturing, distributing, labeling, and marketing said products, defendants in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or

EXH. $\underline{A}$, PG. 30

asbestos products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1933, and thereafter.

21.    On or before 1933, and thereafter, said defendants were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

22.    With said knowledge, said defendants opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, defendants intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

23.    The above referenced conduct of said defendants was motivated by the financial interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

24.    As the above referenced conduct of said defendants was and is vile, base, willful,

EXH. A, PG. 31

malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including plaintiff, plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereafter set forth.

### SECOND CAUSE OF ACTION - STRICT LIABILITY

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE "MANUFACTURING/DISTRIBUTING DEFENDANTS" AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

25.     Plaintiffs reallege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

26.     Defendants and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and other products containing said substance, which substance is defective, in that same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other lung damage, to the users and consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said defendants, and each of them, further failed to adequately warn of the risks to which plaintiff and others similarly situated were exposed;

27.     As a direct and proximate result thereof, plaintiff has suffered the injuries and damages as previously set forth including those alleged in the First and Second Causes of Action, inclusive.

### THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF

EXH. $\underline{\quad A \quad}$, PG. 32

ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF GERALDINE BURTON COMPLAINS
OF DEFENDANTS AND EACH OF THEM AND ALLEGES AS FOLLOWS:

28.     Plaintiff GERALDINE BURTON incorporates herein by reference and makes a
part hereof as though fully set forth herein, in the First and Second Causes of Action of this
Complaint.

29.     Plaintiff GERALDINE BURTON is now, and at times herein mentioned is, the
lawfully wedded spouse of HAROLD BURTON.

30.     As a direct and proximate result of the acts of defendants, and each of them, as set
forth and incorporated herein by reference, and the severe injuries caused thereby to HAROLD
BURTON as alleged in his Complaint, plaintiff GERALDINE BURTON has suffered, and for a
long period of time will continue to suffer loss of consortium, including but not by way of
limitation, loss of services, marital relations, society, comfort, companionship, love and affection
of her said spouse, and has suffered severe mental and emotional distress and general nervousness
as a result thereof.

31.     Plaintiff GERALDINE BURTON, as a result of the foregoing described injuries to
her said spouse, has been generally damaged in a sum in excess of the jurisdictional limits of the
Municipal Court.

WHEREFORE, Plaintiffs HAROLD BURTON AND GERALDINE BURTON pray
judgment against defendants, and each of them, as follows:

1.     For plaintiff's general damages according to proof;

2.     For plaintiff HAROLD BURTON'S medical and related expenses according to
proof;

3.     For plaintiff's prejudgment interest according to proof, pursuant to Civil Code
section 3288;

4.     For plaintiff's costs of suit herein;

5.     As to those defendants named in the First Cause of Action, for exemplary or
punitive damages according to proof; and

EXH. A , PG. 33

For such other and further relief as this Court deems just and proper.

DATED:    October 21, 2004

**LEVIN SIMES & KAISER LLP**

By:    _____

RETT D.B. BERGMARK, ESQ.
Attorney for Plaintiffs
HAROLD BURTON and GERALDINE BURTON

EXH. A  PG. 34

CASE NUMBER: CGC-04-435672  HAROLD BURTON et al VS. A.W. CHESTERTON COMPAN

## NOTICE TO PLAINTIFF

This case is assigned to Plan II.  A Case Management Conference is set for:

**DATE:**  **OCT-19-2005**

**TIME:**  **1:30PM**

**PLACE:**  **Department 206**
           **400 McAllister Street**
           **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.3 and 3.4.

> **CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.**

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

SO

[DE

pla:
Ali
res;

Su;

EXH. $\overline{A}$, PG. 35